IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KELVIN M.,

    Petitioner,

v.

PAMELA BONDI, et al.,

    Respondents.

Case No. 26-cv-01519-SRB-SGE

## ORDER

Before the Court is Petitioner Kelvin M.'s ("Petitioner") Verified Petition for Writ of Habeas Corpus (the "Petition"). (Doc. #1.) As set forth below, the motion is DENIED.

Petitioner is a citizen of Venezuela and a resident of Minnesota. Petitioner entered the United States and filed for asylum in 2019. Petitioner's asylum application is pending and he has had a valid work permit since 2023. On February 18, 2023, Immigration and Customs Enforcement ("ICE") arrested Petitioner. Petitioner alleges he was arrested without "a warrant of any kind." (Doc. #1, ¶ 17.) Petitioner now moves for habeas relief. He alleges his detention is unlawful and requests immediate release.

In an Order dated February 19, 2026, the Court ordered Respondents to file an answer to the Petition on or before February 23, 2026. Respondents timely filed a response and argue that "Petitioner's continued detention is authorized—indeed, mandated—by statute, particularly 8 U.S.C. § 1226(c) because of his past felony controlled substance conviction." (Doc. #6, p. 1.) Respondents also attached a warrant for Petitioner dated February 16, 2026, which was two days before his arrest. (Doc. #7-3.) On March 1, 2026, Petitioner timely filed a reply brief.

Upon review of the record and the parties' arguments, the Court finds that Petitioner is not entitled to habeas relief.  Respondents have shown that "[o]n or about November 29, 2022, the Red Wing Police Department (MN) charged [Petitioner] with Drugs–5th Degree–Possess Schedule 1, 2, 3, 4—Not Small Amount Marijuana.  On October 18, 2023, the Goodhue County Court granted [Petitioner] a statutory stay of adjudication."  (Doc. #7, p. 2.)[1]  Under 8 U.S.C. § 1226(c), "[t]he Attorney General shall take into custody any alien who . . . is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title . . . when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense."  8 U.S.C. § 1226(c)(1).  Section 1182(a)(2) provides that an alien is inadmissible upon "convict[ion] of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . . a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21)[.]"  8 U.S.C. § 1182(a)(2)(A)(i)(II).

Under these circumstances, the Court agrees with Respondents that:

> [T]he record reveals that Petitioner was convicted of Fifth Degree drug possession for possessing not a small amount of marijuana in violation of Minn. Stat. § 152.025, subd. 2.  This crime amounts to a "law or regulation of a State . . . relating to a controlled substance." 8 U.S.C. § 1182(a)(2)(A)(i)(II).  Petitioner is inadmissible for having been convicted of that offense, and is therefore subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A).

(Doc. #6, p. 4.)  Petitioner's reply brief argues that "Respondents have only proven that Petitioner was charged with, and plead guilty to, a controlled substance offense . . . [i]f the

---

[1] Petitioner's reply brief "concedes that a statutory stay of adjudication satisfies the elements of 8 U.S.C. § 1182(a)(2)(a)(i) because the statutory stay of adjudication requires a defendant to 'admit' committing an act." (Doc. #8, p. 3 n.1.)

2

controlled substance was methamphetamine . . . then such an offense is not grounds for mandatory detention[.]"  (Doc. #8, p. 4.)  However, the record does not show that the underlying offense was for methamphetamine or other nonqualifying controlled substance.  Petitioner's reply brief also does not address his prior allegation that he was arrested without a warrant.  Consequently, for the foregoing reasons and the additional reasons stated by the Government, Petitioner's request for habeas relief is denied.

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT** Petitioner's Verified Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: March 2, 2026

*s/Stephen R. Bough*
Stephen R. Bough
United States District Judge